UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| NEW JERSEY BUILDING LABORERS STATEWIDE BENEFIT FUNDS AND THE TRUSTEES THEREOF,<br><br>Petitioners,<br><br>v.<br><br>AURAND MASONRY CONTRACTORS, LLC,<br><br>Respondent. | HONORABLE KAREN M. WILLIAMS<br><br>Civil Action<br>No. 1:25-cv-03425-KMW-MJS<br><br>**MEMORANDUM OPINION AND ORDER** |

### I.  INTRODUCTION

This matter comes before the Court on the Motion to Confirm Arbitration Award filed by the New Jersey Building Laborers Statewide Benefit Funds ("Funds") and the Trustees thereof ("Trustees") (together, "Petitioners"), pursuant to the Federal Arbitration Act ("FAA"). In their Motion, Petitioners seek judicial confirmation of the March 5, 2025 arbitration award issued by J.J. Pierson, Esq. ("Arbitrator"), as well as the entry of a corresponding judgment against respondent Aurand Masonry Contractors, LLC ("Respondent"). To date, Respondent has neither appeared in this case nor opposed Petitioners' Motion. For the reasons set forth below, the Motion is granted.

### II.  BACKGROUND

This action arises out of a collective bargaining agreement ("Agreement") between Respondent and the Building Laborers' District Councils and Local Unions of the State of New Jersey ("Union"). (ECF No. 1 at 4–20.) The Agreement required, among other things, that Respondent make certain financial contributions to the Funds for the benefit of the Union's

1

employees covered by its terms. In the event the parties disputed Respondent's compliance, the Agreement required them to submit their dispute to arbitration for resolution. Such a dispute arose here.

On March 5, 2025, the Arbitrator issued an award in Petitioners' favor, finding that Respondent violated the Agreement by failing to make full and timely contributions to the Funds. (ECF No. 1 at 22–26.) More specifically, the Arbitrator found that Respondent was delinquent in the amount of $70,254.84 based on the results of a financial audit. Consistent with the Agreement, the Arbitrator found that the Petitioners were entitled to payment in the amount of $111,771.23, which constituted the principal amount of the unpaid contributions, plus interest, liquidated damages, reasonable attorneys' fees, audit costs, and arbitration fees. Separately, the Arbitrator noted that Petitioners would also be entitled to any court costs incurred in connection with enforcing the Arbitration Award.

On April 29, 2025, Petitioners initiated the instant case and timely moved to confirm the Arbitration Award pursuant to the FAA. *See* 9 U.S.C. § 9 (establishing a one-year limitations period for litigants to request judicial confirmation of arbitration award). Respondent has neither appeared in this matter nor responded to Petitioners' submissions.[1] The three-month period in which Respondent could have moved to vacate, modify, or correct the Arbitration Award has expired, and Petitioners' Motion is thus ripe for disposition. *See id.* § 12 ("Notice of a motion to vacate, modify, or correct an award must be served upon the adverse party or his attorney within three months after the award is filed or delivered.").

---

[1] Petitioners' counsel has certified that copies of their Petition and Motion have been sent via certified mail to Respondent's principal place of business in Blackwood, New Jersey. (ECF Nos. 1 at 2; 2-4.) This comports with the service requirements of the FAA. *See* 9 U.S.C. § 9 ("If the adverse party is a resident of the district within which the award was made, such service shall be made upon the adverse party or his attorney as prescribed by law for service of notice of motion in an action in the same court."); *see also* Fed. R. Civ. P. 5(b)(2)(C) (permitting service by mailing to party's "last known address—in which event service is complete upon mailing").

### III.  LEGAL STANDARD

Under the FAA, confirmation is the process through which a party to arbitration completes the award process, rendering the award a final and enforceable judgment. *See* 9 U.S.C. § 13. The FAA "not only authorizes, but mandates, that district courts confirm arbitration awards by converting them into enforceable judgments through a summary proceeding." *Teamsters Loc. 177 v. United Parcel Serv.*, 966 F.3d 245, 248 (3d Cir. 2020). Section 9 of the FAA provides, in relevant part:

> [A]t any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court *must* grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title.

9 U.S.C. § 9 (emphasis added).

District courts have little authority to disturb arbitration awards. *See United Transp. Union Local 1589 v. Suburban Transit Corp.*, 51 F.3d 376, 379 (3d Cir. 1995). Where parties have agreed to be bound by an arbitrator's decision, a court must enter an order enforcing the same the same unless (1) the award was "procured by corruption, fraud, or undue means"; (2) there was "evident partiality or corruption in the arbitrators, or either of them"; (3) the arbitrators were "guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy," or "of any other misbehavior by which the rights of any party have been prejudiced"; or (4) "the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made." 9 U.S.C. § 10. Stated succinctly, district courts do not vacate arbitration awards absent evidence that the arbitrator's decision was based on a "manifest disregard of the law." *See Loc. 863 Int'l Bhd. of Teamsters v. Jersey Coast Egg Producers, Inc.*, 773 F.2d 530, 534

(3d Cir. 1985). This is a "strict standard" in which "a reviewing court will decline to sustain an award only in the rarest case." *Newark Morning Ledger Co. v. Newark Typographical Union*, 797 F.2d 162, 165 (3d Cir. 1986) (internal quotation marks omitted).

### IV.   FINDINGS OF FACT AND CONCLUSIONS OF LAW

Here, the Court finds that confirmation of the Arbitration Award is warranted. The Arbitration Award reflects the Arbitrator's careful evaluation of the evidence before him; sets forth findings of facts consistent with that evidence; and reaches legal conclusions supported by the Agreement. *See Loc. 863 Int'l Bhd. of Teamsters*, 773 F.2d at 533. There does not appear to be any basis to reject the Arbitration Award on the face of the record, and Respondent has not otherwise sought to vacate, modify, or correct it. *See Laborers' Loc. Union Nos. 472 & 172 & Laborers' Loc. Union Nos. 472 & 172 Welfare & Pension Funds & Safety, Educ. & Training Funds v. Mike Fitzpatrick Contractors*, No. 24-516, 2024 WL 2974262, at *3 (D.N.J. June 13, 2024) (confirming award where respondent failed to appear or respond).

As such, the Court finds that Petitioners are entitled to judgment in their favor, and against Respondent, in the amount of $111,771.23, as set forth in the Arbitration Award. The Court further finds that, pursuant to the Agreement, Petitioners are entitled to recover court costs incurred in enforcing the Arbitration Award, which at present consist solely of the $405 filing fee.

### ORDER

For the reasons set forth above,

**IT IS** this **26th** day of **November 2025** hereby **ORDERED** that the Petitioners' Motion to Confirm Arbitration Award (ECF No. 2) is **GRANTED**. An appropriate Judgment in favor of

Petitioners and against Respondent accompanies this Memorandum Opinion and Order, and it shall be duly entered by the Clerk of Court.

KAREN M. WILLIAMS
U.S. DISTRICT COURT JUDGE